OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Christopher Childs appeals his October 7, 2003 conviction and sentence in the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} In 2000, appellant was convicted of two sexually oriented offenses, and was classified a sexually oriented offender. As a result, he had a statutory duty to register the address of his residence with the county sheriff upon his release from prison. The trial court sentenced appellant to an aggregate two year prison term on the prior offenses.
{¶ 3} Upon his release, on January 30, 2003, appellant registered with the Stark County Sheriff, and notified the Sheriff's office he was residing with his mother and sister at 317 Federal Avenue, N.E., Massillon, Ohio. The Sheriff's office informed appellant of his continuing duty to notify the sheriff of any change in his residence, and the requirement he provide notification 20 days prior to any change of residence. In addition, appellant was informed of the places he was allowed to reside. He could not live outside of the county, he was not allowed to reside in any Section 8 government subsidized housing and he could not live within 1,000 feet of a school.
{¶ 4} Appellant signed the required forms, and acknowledged he was aware of his continuing duty to report any change in his residence.
{¶ 5} At the time of his release, appellant's girlfriend, Wendy Nice, lived at 2130 Harsh Avenue, S.E. in Massillon, a Section 8 apartment.
{¶ 6} On February 13, 2003, Chad Braun, appellant's parole officer, visited the Federal Avenue residence to "check in" with appellant. Appellant's sister answered the door, and notified Braun appellant was not home. Braun informed her he needed to come inside and inspect appellant's residence. Once inside, Braun asked to be directed to appellant's room, where he observed only children's belongings and no adult clothes inside the room. Braun did not observe anything in the room belonging to appellant.
{¶ 7} The next day, Braun confronted appellant. Appellant admitted he was not staying at the residence every night, and was sometimes spending nights at his cousin's residence in Akron. Braun warned appellant this violated the terms of his parole, and he was to stay only at the approved residence.
{¶ 8} On April 3, 2003, Braun received information appellant was not living at the approved residence, but rather, was staying at Nice's apartment on Harsh Avenue. Braun and some members of the Massillon Police Department proceeded to Nice's apartment, where they noticed appellant's car parked in the driveway. Braun testified at trial:
{¶ 9} "A. I gained permission from her to look around the residence.
{¶ 10} "Q. Okay.
{¶ 11} "A. And she agreed. I went to the upstairs bedroom. Half the closet had female clothing in it, the other half had belongings that were familiar, that I've seen Mr. Childs wear before.
{¶ 12} "Q. Okay. Clothing you had actually seen him in?
{¶ 13} "A. Yes, clothing — there was a box that actually had things of his in it, that had his name, name in it.
{¶ 14} "Q. Okay. Documents?
{¶ 15} "A. Documents.
{¶ 16} "Q. And things of that nature?
{¶ 17} "A. There was a receipt from Meineke Muffler with his name on it for getting some repairs done. It had the address on it from, as 2130 Harsh.
{¶ 18} Tr. at 133-134.
{¶ 19} Appellant testified at trial he did not have a lot of clothes, and Braun did not observe any at the Federal Avenue residence because they were being washed. He further testified he did not change his mailing address on Federal Avenue for bills or his child support obligations. He stated he spent the night at Nice's house about four times a month. He explained the Meineke muffler receipt, indicating he had taken Nice's car to be worked on, and used her address but his name for the pick up. Appellant testified at all times he considered, for all intents and purposes, 317 Federal Avenue to be his residence
{¶ 20} After January 30, 2003, appellant did not notify the Stark County Sheriff's office of a change of address.
{¶ 21} On July 31, 2003, appellant was indicted on one count of Change of Address; Registration of New Address in violation of R.C. 2950, a felony of the fifth degree. On October 7, 2003, a jury found appellant guilty of the charged offense, and the trial court sentenced appellant to a ten month prison term.
{¶ 22} It is from this conviction and sentence appellant appeals raising the following assignment of error:
{¶ 23} "I. Appellant's conviction is against the manifest weight of the evidence."
 I
{¶ 24} In his sole assignment of error, appellant maintains his conviction is against the manifest weight of the evidence.
{¶ 25} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376.
{¶ 26} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
{¶ 27} Appellant was charged with failing to notify the sheriff's office of his change of address, in violation of O.R.C.2950.05, which states:
{¶ 28} "(A) If an offender or delinquent child is required to register pursuant to section 2950.04 or 2950.041 of the Revised Code, the offender or delinquent child, at least twenty days prior to changing the offender's or delinquent child's residence address, or the offender, at least twenty days prior to changing the address of the offender's school or institution of higher education and not later than five days after changing the address of the offender's place of employment, during the period during which the offender or delinquent child is required to register, shall provide written notice of the residence, school, institution of higher education, or place of employment address change, as applicable, to the sheriff with whom the offender or delinquent child most recently registered the address under section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section.
* * *
"(E)(1) No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division."
{¶ 29} Upon our review of the evidence, as set forth in the Statement of the Facts and Case, supra, we find there was competent, credible evidence going to each element of the offense charge.
{¶ 30} Chad Braun did not find anything belonging to appellant at the Federal Avenue residence. Rather, Braun observed appellant's clothing in Nice's apartment, he found a box with appellant's papers and documents inside, and he found a receipt with appellant's name and the Harsh Avenue address on it. Appellant himself admitted he spent the night at the Harsh Avenue residence. The record does not demonstrate the jury lost its way in assessing the evidence. Rather, we find there was sufficient, competent, credible evidence upon which the jury could determine appellant was guilty of the offense as charge.
{¶ 31} Accordingly, appellant's sole assignment of error is overruled.
{¶ 32} The October 7, 2003 conviction and sentence of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. Edwards, J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the October 7, 2003 conviction and sentence of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.